IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CALEB ALLEN BAILEY                                                                                      PLAINTIFF

v.                                              Civil No. 4:19-cv-4087

MAJOR JOHN SNEED, Southwest Arkansas
Community Correction Center; and ASSISTANT
WARDEN JOHN MINERS, Southwest Community
Correction Center                                                                                     DEFENDANTS

## **ORDER**

Currently before the Court is Plaintiff Caleb Allen Bailey's failure to comply with an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on August 5, 2019. (ECF No. 1). The Court granted Plaintiff's motion to proceed *in forma pauperis* that same day. (ECF No. 3).

A review of the complaint revealed that Plaintiff had not clearly stated the basis of his claims against Defendants. Thus, the Court entered an order instructing Plaintiff to file an Amended Complaint by August 27, 2019. (ECF No. 6). Among other things, the order informed Plaintiff that failure to file an Amended Complaint by the Court's imposed deadline would subject this case to dismissal without prejudice for failure to obey an order of the Court. *Id.* at p. 2. On August 12, 2019, the Court's order was returned as undeliverable. That same day, the Clerk of Court mailed the order to Plaintiff's new address of record: Arkansas Department of Correction, Ouachita River Unit. To date, that mailing has not returned as undeliverable and Plaintiff has not filed an Amended Complaint or otherwise responded to the order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has not filed an Amended Complaint and, thus, has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge